The Honorable Edward F. Thicksten State Representative Box 327 Alma, Arkansas 72921
Dear Representative Thicksten:
This is in response to your request for an opinion regarding Act 808 of 1987. You have asked, specifically, whether a County School supervisor or a County School Secretary would be eligible for early incentive retirement benefits under this Act.
Act 808 states in pertinent part as follows under Section 1.A:
 Any employee of a state agency who is on the effective date hereof an active member of the Arkansas Teacher Retirement System and who is not a member of the Arkansas Public Employees Retirement System but who would otherwise qualify to retire before January 1, 1988, under the retirements of the Early Retirement Incentive Law of 1987 (Act 187 of 1987), may elect to become a member and his credited service in the Arkansas Teacher Retirement System will be transferred to the Arkansas Public Employees Retirement System. . . .
The answer to your question turns on whether a County School Supervisor or a County School Secretary qualifies as an "employee of a state agency" for purposes of the Act. It is my opinion that the answer to this question is no.
Section 3 of Act 808 cites the specter of "certain inequities to state employees" as the underlying rationale for the Act, revealing that state employees are the true focus of concern. While it is true that the State contributes to the salary of a County School Supervisor, the County Board of Education ("Board") has the power and duty to select and employ a Supervisor and to determine the Supervisor's salary and expense allowances. See Ark. Stat. Ann. 80-217, 80-219, 80-229 (Repl. 1980). The Board also has the power to abolish the office of county school supervisor and may, at its option, employ a secretary whose salary and expenses are also set by the Board. See Ark. Stat. Ann. 80-235 (Repl. 1980). The school district may, however, elect not to utilize a secretary and is not obligated to compensate the secretary upon so electing. See Ark. Stat. Ann. 80-235.2 (Repl. 1980).
It is therefore clear that all power and authority with respect to the creation or abolition of these positions is vested in the County Board of Education or the school district and not in the State. These persons are not paid as state employees under the Uniform Classification and Compensation Act. Ark. Stat. Ann. 80-229 (Repl. 1980) further expressly illustrates that the County School Superintendent is not considered a State employee wherein reference is made to the fact that "[t]he allowances to the County School Supervisor . . . for travel expense, meals and hotels, shall not be in excess of the allowance for state employees."
If therefore appears that a County School Supervisor and a County School Secretary are employed by the County Board of Education and not by a State agency. Although the Attorney General, as a member of the Executive Department, cannot provide controlling definitions of terms where the General Assembly has elected not to provide them, it is reasonable to conclude in this instance that the terms "state agency" and "state employees" appearing in Act 808 of 1987 do not extend to a County School Supervisor or a County School Secretary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.